UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IAN STEPHENS,[1] individually
and on behalf of all others
similarly situated,

    Plaintiff,

v.   Case No. 8:20-cv-968-T-33CPT

ONE TOUCH DIRECT, LLC,

    Defendant.
_____/

### **ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Review and Approval of Parties' Settlement Agreement and Dismissal with Prejudice (Doc. # 30), filed on August 19, 2020. The Court grants the Motion.

**I.   Background**

Plaintiff Ian Stephens filed this Fair Labor Standards Act ("FLSA") case against Defendant One Touch Direct, LLC, on April 28, 2020 as a purported collective and class action. (Doc. # 1). Stephens alleged violations of (1) the FLSA's overtime provisions and (2) violations of Florida wage law.

---

[1] The Court notes that the complaint listed the Plaintiff's name as Ian Stephens, although the instant Motion and settlement agreement list him as Ian Stevens. For purposes of this Order, the Court will adopt the spelling "Stephens."

1

(Id.). One Touch filed an answer on May 28, 2020. (Doc. # 17).

Thereafter, the parties engaged in limited Court-ordered discovery. (Doc. # 16). Stephens filed Answers to the Court's Interrogatories and One Touch filed a Verified Summary of the hours worked by Stephens and the wages paid to him. (Doc. ## 26, 27). On August 5, 2020, the parties participated in a mediation conference before Mark Hanley, Esq., which resulted in a full settlement of this matter. (Doc. # 28). The parties have now filed their joint motion for approval of their FLSA settlement agreement. (Doc. # 30).

**II.  Analysis**

Stephens alleges that One Touch violated the overtime provisions of the FLSA. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Stephens will receive $636.37 in consideration of his claim for unpaid wages. (Doc. # 30 at 3). This amount represents alleged back wages owed to Stephens for four additional hours of overtime work for each week of his employment. (Id.). It has also been agreed that Stephens'

counsel will receive $1,908.63 in attorney's fees and costs. (Id. at 5).

In the Motion, the parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Stephens for alleged FLSA violations. (Id. at 2, 5). The parties state that they have entered into this settlement agreement "to avoid the uncertainties of litigation and the attorney's fees associated with this type of action." (Id. at 1).

Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

fair on its face and represents a reasonable compromise of the parties' dispute.

Finally, although the parties request that this Court retain jurisdiction to enforce the terms of the settlement agreement, the Court will not do so. This Court does not retain jurisdiction to ensure performance of a settlement agreement because such failure to perform should be addressed in a separate breach of contract action.

Accordingly, it is

**ORDERED**, **ADJUDGED,** and **DECREED** that:

(1) The parties' Joint Motion for Review and Approval of Parties' Settlement Agreement and Dismissal with Prejudice (Doc. # 30) is **GRANTED**.

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.** The Court declines to retain jurisdiction over this matter.

(3) The Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of August, 2020.

*VIRGINIA M. HERNANDEZ COVINGTON*
UNITED STATES DISTRICT JUDGE